IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BRIAN PATAKY,<br><br>                        Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A. f/k/a CHASE HOME FINANCE, LLC,<br><br>                       Defendants. | Civil Action No. 5:13-CV-153-FL<br><br><br>**JOINT PROTECTIVE ORDER** |

Pursuant to F. R. Civ. P. 26, and it appearing that production of documents and other discovery material, whether formal or informal, is likely to involve the disclosure of confidential business and financial information, it is hereby **STIPULATED AND AGREED** by the parties and **ORDERED** by the Court:

**<u>Need for a Discovery Protective Order</u>**

      1.     This matter involves the attempt to collect on a discharged debt. The Complaint alleges one cause of action that Defendant attempted to collect debt in violation of N.C. Gen. Stat. §§ 75-51, -53, -54, and -55 by: (1) threatening to foreclose on a second mortgage while simultaneously agreeing to a short sale of the property at issue, (2) unreasonably publicizing Plaintiff's discharged debt by reporting it to credit reporting agencies as delinquent and "charged off," (3) deceptively representing that payment was due for Plaintiff's discharged debt, and (4) making false reports to credit reporting agencies in an attempt to coerce Plaintiff into paying the discharged debt. In the course of discovery, the parties will exchange information and documents that are or may be of a personal, confidential or proprietary nature, including but not limited to confidential commercial information, trade secrets, competitively sensitive commercial information, and personal financial information. Accordingly, the parties have agreed to the entry of this Order in order to facilitate

discovery by protecting the confidential information that has been or will be produced during discovery in this case.

**Materials Covered**

2. This Protective Order shall apply to all information and materials disclosed during the course of the above-captioned action, by any party, including but not limited to information disclosed:

> a. during any informal discovery or production of documents that may occur through cooperation/agreement of the parties;
>
> b. during formal discovery;
>
> c. in any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or other writing;
>
> d. in testimony given in a deposition, and any copies, note, abstracts or summaries of such information; or
>
> e. through any manner or means of discovery or disclosure, including entry onto land or premises and inspection of books, records, documents and tangible things.

Such information and materials, referred to hereinafter as "Litigation Material," may include information in any form, including but not limited to written information or information otherwise recorded on any medium, including but not limited to paper, photographs, recordings, and electronic, optical, or magnetic disks or files, including any copies of these materials or information derived therefrom.

**Definition Of Confidentiality**

3. "Confidential" Litigation Material shall include: (a) all Litigation Materials reflecting, referring to or evidencing proprietary trade secrets, business plans and forecasts, financial plans and forecasts, operational plans and forecasts, and all sensitive commercial, financial or personal information which has been designated in good faith as confidential

3

pursuant to this Stipulated Protective Order, including but not limited to non-public personal information subject to regulation by the Gramm Leach Bliley Act of 1999 ("GLB") and/or by other state privacy regulations; (b) information of a sensitive nature the public disclosure of which would damage the personal or organizational interests of the party (or the entity or person who provided the information to the party) or unreasonably invade the personal privacy of any individual; (c) information which may be unduly oppressive, embarrassing, or annoying.

**Method Of Designation**

4. Any party or non-party may designate as "Confidential" all or any portion of any Litigation Material as follows:

   a. Any documents or other tangible Litigation Material produced by a party or non-party may be designated as "Confidential" at any time by either (i) stamping or writing "Confidential Pursuant to Court Order" on such material at or before the time of production or (ii) by notifying all other parties to this agreement in writing of the producing party's claim of confidentiality at any time subsequent to the time of production. In order to provide the parties an adequate opportunity to designate Litigation Materials as "Confidential," all Litigation Material produced in this case shall be deemed "Confidential," whether or not stamped with an appropriate legend, for a period of fifteen (15) days following production. No party shall be held in breach of this Protective Order for disclosing documents or other tangible Litigation Material to persons unauthorized to receive Confidential Litigation Material under this Protective Order if (i) such documents or other tangible Litigation Material have not been designated as "Confidential" by the producing party and (ii) at least fifteen (15) days have past since the time such documents or other tangible Litigation Material were first produced. Once a party receives notice that a producing party has made a designation of confidentiality, such party shall treat the designated materials as "Confidential" in accordance with this Protective Order regardless of how much time has passed since the time the newly designated materials were first produced.

   b. Deposition or other testimony may be designated as "Confidential" by stating orally on the record that the information is "Confidential" on the day the testimony is given.

   c. Where only parts of Litigation Material are claimed to be confidential, counsel claiming confidentiality shall designate the parts of said Material

for which confidentiality is claimed, and only those parts shall be subject to this Protective Order.

**<u>Treatment Of "Confidential" Legal Material</u>**

5. Any person responsible for making copies of Confidential Litigation Material must ensure that the copies adequately reflect the "Confidential" designation.

6. Litigation Material designated as "Confidential," including any copies, notes, abstracts or summaries thereof shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

   a. the Court;

   b. court reporters who record deposition or other testimony in this case;

   c. counsel of record to the parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the litigation;

   d. parties, and those directors, officers and employees of the parties who are assisting in the litigation;

   e. experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial, and their support staff who are employed by such expert or consultants and are actually involved in assisting in the litigation;

   f. deposition and trial witnesses to whose testimony the materials are relevant;

   g. any other person upon the written agreement of the party or non-party who produced or disclosed the "Confidential' information (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order.

7. All persons authorized by this Protective Order to receive information from Litigation Material designated "Confidential" shall maintain such information as confidential in accordance with this Protective Order. All Litigation Material shall be used solely for the purpose of preparing for and conducting the above-captioned action, and no other litigation or

5

potential litigation, and neither Litigation Material nor the contents thereof shall be used for any other purpose, including without limitation any business, commercial or competitive purposes.

8. All Litigation Material designated "Confidential" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraph 5 above as persons properly having access thereto.

9. All persons authorized to receive "Confidential" information under this Protective Order (other than the Court and court reporters) shall be shown a copy of this Protective Order, and, if not a lawyer acting as counsel to a party or an employee of such counsel, shall, in a written and signed Certificate such as that annexed hereto as Appendix A, state that he or she has read this Protective Order and agrees to be bound by the terms thereof in writing as provided, within fifteen (15) days of the entry of this Protective Order or prior to receiving any Litigation Materials, and to return all Litigation Materials to the producing party upon conclusion of this proceeding. Counsel of record for that party shall then retain the Certificate until the conclusion of the litigation, and shall make such certificate available to counsel for the producing party if so ordered by the Court upon a showing of good cause.

**Unauthorized Disclosure**

10. In the event that information from Litigation Material designated "Confidential" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall promptly give notice of such unauthorized disclosure or breach, including a full description of the pertinent facts, to the Court and to counsel of record for the party who initially produced the Litigation Material. Without prejudice to other rights and remedies of the designating party,

counsel for the party making the unauthorized disclosure shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Breach of the provisions of this Stipulated Protective Order shall be subject to appropriate sanctions in the discretion of the Court, as authorized by any statute, rule, or inherent power of the Court.

**Use In Court**

11. If Litigation Material designated "Confidential," or quotes from or references to such materials, are to be included in documents filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential -- Subject To Court Order" and, unless otherwise agreed by counsel, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Envelopes used to seal such documents shall bear the notation: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER. THIS ENVELOPE SHALL NOT BE OPENED UNLESS SO AUTHORIZED AND DIRECTED BY THE COURT. VIOLATION OF THIS DIRECTIVE MAY BE PUBISHABLE AS CONTEMPT OF COURT."

12. Any request to file a document under seal must meet the requirements of Federal Rule of Civil Procedure 26(c) and the stringent requirements for sealing set out by the Fourth Circuit. See Stone v. University of Md. Medical System Corp., 855 F.2d 178 (4th Cir. 1988). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to

seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

**Use In Depositions**

13. If any Litigation Material designated "Confidential" pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such information shall be stamped "Confidential," and access thereto shall be limited to the other terms of this Protective Order.

14. A deposition witness may be shown "Confidential" materials by an attorney then conducting the examination of that witness under the following conditions without any waiver of its confidential status:

   a. any witness may be shown a document in which the witness is identified as a signatory, author, addressee or recipient of a copy;

   b. a current officer, director or employee of a party may be shown any document designated as "Confidential" by that party; or

   c. an officer, director or employee of a party or other witness designated by a party pursuant to Rule 30(b)(6) of the North Carolina Rules of Civil Procedure may be shown any document designated as confidential by that party.

   d. an expert who has been engaged by any party to provide testimony in this proceeding.

15. The parties retain the right to apply to the Court for relief from the provisions of Paragraph 13 above in the event that (i) a deposition witness refuses to certify that he or she will

8

abide by the terms of this Protective Order and (ii) the use of Litigation Material designated as "Confidential" pursuant to this Protective Order is necessary for the proper examination of such witness.

**Objections To Confidential Treatment**

16. If any party objects to the designation of any Litigation Material as "Confidential," the party shall state the objection with particularity by letter to counsel for the party making the designation within sixty (60) days after the objecting party receives a copy of the Litigation Material stamped as confidential or receives notice of the producing party's claim of confidentiality, whichever occurs first. If the parties are unable to resolve the objection, any party may move the Court to remove the particular Litigation Material from confidential treatment. Until the Court rules on any such motion, the Litigation Material shall continue to be deemed "Confidential" under the terms of this Protective Order. A party who fails to object to another party's claim of confidentiality within the 60 day period set forth immediately above shall be estopped from later objecting to such confidentiality designation.

**Subpoena By Third-Party**

17. If a party in possession of Litigation Material designated "Confidential" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of Confidential Litigation Material, he or she shall immediately give written notice to counsel for the party or non-party who designated the Litigation Material as "Confidential," identifying the material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and received.

18. The producing party may then notify the subpoenaed party of the producing party's intent to intervene to resist the subpoena or order. The producing party must provide such notification to the subpoenaed party no later than three business days before the response to the subpoena or order is due unless the subpoenaed party provides notice of the subpoena or order to the producing party less than five business days before the response to the subpoena or order is due, in which case the producing party must provide such notification to the subpoenaed party as soon as reasonably possible but in no event after the time when the response to the subpoena or order is due.

Should the producing party give notice of such intent, the subpoenaed party shall take steps reasonable and necessary to withhold production while the motion is pending, provided, however, that nothing in this Order shall be construed to require a party or person to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

**Conclusion Of Litigation**

19. Within forty-five (45) days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, counsel of record for the parties shall use all best efforts to secure the return of all Litigation Material designated "Confidential" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall either destroy all such materials or return them to counsel for the party or non-party who initially produced the Confidential Litigation Material (at that party's or non-party's option and expense), except that counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided said retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided herein. The provisions of this

Protective Order shall not terminate upon the conclusion of this action whether by settlement, judgment or other disposition, and all appeals therefrom, and the Court will retain jurisdiction to enforce it.

**Amendment Of This Agreement**

20.     The provisions of this Protective Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to motion brought in accordance with the rules of the Court. The parties consent to an expedited hearing upon any such application.

**Privileged And Protected Documents**

21.     It is the intent of the parties to assert and preserve all information within the attorney-client privilege or entitled to work product protection. If privileged or protected material is inadvertently disclosed, such disclosure shall not be deemed a waiver of the privilege or protection and shall in no way prejudice assertion of the privilege or protection. If a recipient is notified in writing by a designating party that discovery material was inadvertently produced containing privileged or protected information, the recipient shall, at the earliest possible moment but in no event later than forty-eight (48) hours of the written notice, destroy or return that discovery material to the designating party, together with all copies or reproductions thereof. The recipient shall also either return to the designating party, or destroy any privileged or protected work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection, but such challenge shall not (i) be based, in any

way, on the fact of the inadvertent production or disclosure of such material or (ii) divulge the contents of the material except to the Court under seal as provided herein.

**Reservation Of Rights**

22. Nothing in this Protective Order shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Protective Order.

23. Nothing in this Protective Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

24. Evidence of the existence or non-existence of a designation under this Protective Order shall not be admissible for any purpose.

**Execution in Counterparts**

25. This Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

**Modification**

26. Any party may, at any time and for any reason, seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of the Court.

**SO ORDERED**, THIS __3rd__ DAY OF _____February___, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

# **APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BRIAN PATAKY,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A.<br>f/k/a CHASE HOME FINANCE, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 5:13-CV-153-FL<br><br><br>**DECLARATION** |

　　The undersigned, _____ (print or type name), under penalty of perjury, hereby acknowledges and declares that I have received a copy of the Confidentiality Agreement and Protective Order entered in the above-captioned matter and attached hereto, that I have read and understand its terms, and agree to be bound by its terms.

　　I hereby submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina, solely for the purpose of enforcement of the Confidentiality Agreement and Protective Order entered in this proceeding.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　[Sign name]
　　　　　　　　　　　　　　　　　[Title]
　　　　　　　　　　　　　　　　　[Employer]
　　　　　　　　　　　　　　　　　[Business Address]
　　　　　　　　　　　　　　　　　[Phone]

15